UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HUGH F. O'DONNELL, Executive
Director of Client Centered Legal
Services of Southwest Virginia,
Incorporated; CLIENT CENTERED
LEGAL SERVICES OF SOUTHWEST
VIRGINIA, INCORPORATED,
                *Plaintiffs-Appellants,*

                v.

JOHN EIDLEMAN, Program Specialist
for the Legal Services Corporation;
LEGAL SERVICES CORPORATION; JOHN
MCKAY, President of the Legal
Services Corporation,
                *Defendants-Appellees.*

No. 00-1901

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CA-00-33-2)

Argued: February 28, 2001

Decided: June 25, 2001

Before WILKINS and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded with instructions by unpublished per curiam
opinion.

---

## COUNSEL

**ARGUED:** Gerald L. Gray, GERALD GRAY LAW FIRM, Clint-wood, Virginia, for Appellants. Thomas Samuel Williamson, Jr., COVINGTON & BURLING, Washington, D.C., for Appellees. **ON BRIEF:** Andrew J. Heimert, COVINGTON & BURLING, Washington, D.C.; Paul R. Thomson, Jr., WOODS, ROGERS & HAZLE-GROVE, P.L.C., Roanoke, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Client Centered Legal Services of Southwest Virginia, Incorporated and Hugh F. O'Donnell, its executive director (collectively, "CCLS"), appeal an order of the district court granting judgment in favor of the Legal Services Corporation and two of its officers (collectively, "the LSC") on CCLS's claims that various actions by the LSC exceeded its statutory and regulatory authority. For the reasons set forth below, we conclude that Congress has not authorized judicial review of these claims. We therefore vacate and remand with instructions to dismiss.

### I.

In 1974, Congress enacted the Legal Service Corporation Act ("LSCA"), which created the LSC for the purpose of providing legal assistance to indigent people in civil matters. *See* 42 U.S.C.A. § 2996 (West 1994). The LSC does not itself provide legal services, but rather grants federal funds to legal services programs across the country. CCLS, which provides legal services to indigent people in the coalfields region of southwestern Virginia, has been an LSC grantee since 1980.

This litigation involves CCLS's challenge to certain actions taken by the LSC in connection with the LSC's consolidation of services areas (undertaken as a cost-cutting measure) and implementation of a competitive bidding program for grant money. Following a bench trial, the district court rejected CCLS's claims on the merits.

## II.

In our recent decision in *Regional Management Corp. v. Legal Services Corp.*, 186 F.3d 457 (4th Cir. 1999), we concluded that a decision by the LSC regarding certain lobbying practices by grant recipients was not subject to judicial review in an action by a lender claiming injury as a result of such lobbying. *See Reg'l Mgmt.*, 186 F.3d at 461-64. First, we concluded that the LSC is not a federal agency for purposes of judicial review under the Administrative Procedures Act. *See id.* at 462. Second, we held that the LSCA did not explicitly authorize a private right of action against the LSC. *See id.* Finally, we determined that "there [was] no basis for finding that Congress intended to create an implied private right of action" against the LSC. *Id.*

In determining that Congress did not implicitly establish a right of action, we considered the four factors set forth in *Cort v. Ash*, 422 U.S. 66, 78 (1975) (internal quotation marks omitted): (1) whether "the plaintiff [is] one of the class for whose *especial* benefit the statute was enacted"; (2) whether "there [is] any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one"; (3) whether "it [is] consistent with the underlying purposes of the legislative scheme to imply such a remedy"; and (4) whether "the cause of action [is] one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law." We determined that the first *Cort* factor was controlling: Lenders affected by the lobbying activities of LSC grantees were not "part of any special class to be benefitted by" the LSCA. *Reg'l Mgmt.*, 186 F.3d at 463 (internal quotation marks omitted). Rather, we noted that Congress specifically intended the LSCA to benefit "indigents who have legal grievances but who are unable to afford the legal means necessary to redress them." *Id.* (internal quotation marks omitted).

The reasoning of *Regional Management* is controlling here. As we held in *Regional Management*, the LSCA was intended by Congress for the "especial benefit" of indigent persons in need of legal services. Although legal services programs such as CCLS are an integral part of the process of delivering those services, the programs themselves are not the beneficiaries of the Act. Because CCLS is not part of the class Congress sought to benefit in enacting the LSCA, we must conclude that Congress did not intend to imply a private cause of action by CCLS to challenge the LSC's exercise of its statutory and regulatory duties.*

### III.

For the reasons set forth above, we conclude that the district court was without authority to review the actions of the LSC. Accordingly, we vacate the order of the district court and remand with instructions to dismiss.

*VACATED AND REMANDED WITH INSTRUCTIONS*

---

*We note that three other circuits have concluded that rational basis judicial review is available for decisions of the LSC that affect grantees. *See Tex. Rural Legal Aid, Inc. v. Legal Servs. Corp.*, 940 F.2d 685, 697 (D.C. Cir. 1991); *San Juan Legal Servs., Inc. v. Legal Servs. Corp.*, 655 F.2d 434, 438-39 (1st Cir. 1981); *Spokane County Legal Servs., Inc. v. Legal Servs. Corp.*, 614 F.2d 662, 668-69 (9th Cir. 1980). We find these cases distinguishable for the reasons stated in *Regional Management*. *See Reg'l Mgmt.*, 186 F.3d at 464.